[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in 1987. The plaintiff has resided continuously in the state for more than one year prior to the filing of this complaint and thus the court has jurisdiction.
The court has considered all of the factors enumerated in46b-81 and 46b-82 as well as the provisions of the agreement between the parties and Catherine Erickson dated November 14, 1989. Although not a prenuptial agreement the court believes that the principles enunciated in McHugh v. McHugh, 181 Conn. 482
(1990) govern its enforceability. In accordance with the third prong of the McHugh test the court finds that the excessive downturn in the real estate market between the date of the agreement and the present time was beyond the contemplation of the parties and therefore its strict enforcement will work an injustice.
The court further finds as follows:
1) The allegations of the complaint have been proved.
2) The marriage has broken down irretrievably.
3) The court is unable to determine the cause of the breakdown.
The parties are equally at fault.
4) The defendant contributed $35,000 to the purchase of the marital home and the plaintiff contributed $24,000. Exhibit D reflects and she so testified that the plaintiff's mother sold the parties the house for $200,000, $100,000 below the property's then market value. All three parties to the agreement request that their investments be returned to them. The problem is that the present value of the property has been appraised variously at $259,000 and $265,000. The court finds that the property has a value of $265,000. Thus a sale will yield insufficient proceeds to satisfy these claims in full. CT Page 3305
The court finds that fairness dictates that the defendant be repaid for that proportion which his contribution to the house bears to the total contributed by him, the plaintiff and the plaintiff's mother ($35,000 divided by $159,000 = 22%). Twenty-two percent is the amount which the defendant should receive from the projected net equity which is left after subtracting the total debt from the value ($265,000 minus $246,000). This sum is $4,200. The plaintiff is ordered to pay this sum to the defendant in full at the time the defendant conveys his one-half interest in the property to the plaintiff which shall be completed in thirty days. The plaintiff shall make a good faith effort to obtain a release of the defendant from any liability under the mortgage note or deed and shall indemnify and hold the defendant harmless of any claim which may be made against him arising out of the mortgage note, deed or his ownership or possession of the property.
5) No alimony or counsel fees are awarded to either party.
6) Except as ordered herein the parties shall retain their respective properties as listed in their financial affidavits and shall assume and pay all liabilities listed therein.
7) As for their personal property,
a) the defendant is awarded the Jeep Cherokee and the Camaro
 b) the plaintiff shall retain whatever is necessary to maintain the home in a fully furnished condition
 c) the defendant is awarded all other items located in the house.
If the parties are unable to agree as to any of these items the disagreement shall be referred to the Family Relations office for mediation and for recommendation to the court as to final disposition.
8) The plaintiff's maiden name of Gloria Erickson is hereby restored to her.
MOTTOLESE, J. CT Page 3306